UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY HARMON,

        Plaintiff,                              Hon. Paul L. Maloney

v.                                                    Case No. 1:25-cv-158

JEREMY WORTZ, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss all official-capacity claims and claims against the Grand Rapids Police Department (GRPD) and Kent County for failure to state a claim and dismiss Defendants Ross, West, Sheehan, and Lachman because they are immune from suit. The Court will stay the action against Defendants Wortz, Snyder, Weston, and Lange.

## Discussion

### I. Factual Allegations

Plaintiff Casey Harmon is presently detained at the Kent County Correctional Facility in Grand Rapids, Michigan on charges of open murder in the shooting deaths of Anayia Rodruguez and Malik Eubanks. He is also charged with perjury and carrying a concealed weapon. The events about which he complains—several warrantless searches and searches based on invalid warrants—occurred prior to and, apparently, after his arrest. Plaintiff sues Grand Rapids Police Officer Jeremy Wortz, Detective Kevin Snyder, Detective Case Weston, Detective Damon Lange, the Grand Rapids Police Department, 61st District Court Judge Angela Ross, Kent County Circuit Court Judge Clay West, Kent County Assistant Prosecutors Michael Sheehan and Blair Lachman, and Kent County.

### II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### A. GRPD

Plaintiff sues the GRPD. It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (a city police department is merely an agency of the city, not a legal entity, and therefore is not a proper defendant in a § 1983 lawsuit). Thus, the GRPD is an improper defendant and is entitled to dismissal as a matter of law. *Id.*

### B. Kent County

Plaintiff alleges that "[t]he County of Kent is above those who work for the County of Kent and those in power under this county reflect the way and the standards the county holds them to." (ECF No. 1 at PageID.5.) Kent County may not be held vicariously liable for the actions of its employees under Section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See*

3

*Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the governmental entity. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508. Here, Plaintiff's complaint is devoid of any allegations suggesting that his alleged constitutional injury was a result of an official policy or custom employed by any county employee. Thus, the Court will dismiss Plaintiff's claims against Kent County. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of Section 1983 action when plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

**C.     Official Capacity Claims**

Plaintiff also sues all Defendants in their official capacities. Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690, n. 55). An official-capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire*, 330 F.3d at 810; *Graham*, 473 U.S. at 165–66. Kent County and GRPS, a non-suable department, have no official capacities. In addition, Defendants Wortz, Snyder, Case, and Lange are employees of the City of Grand Rapids,

4

not the County, and Plaintiff has not named the City or alleged any facts supporting a *Monell* claim against it.

As for the official-capacity claims against Judges Ross and West and prosecutors Sheehan and Lachman, they are considered state employees. Therefore, the official-capacity claims are barred by the Eleventh Amendment because they are, in effect, against the State of Michigan. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342–43 (6th Cir. 2009) (holding that county prosecutors in Michigan act on behalf of the state when prosecuting state criminal cases); *Smith v. Skryzynski*, No. 2:16-CV-12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, and court clerks who are sued in their official capacities."); *Salaam El v. City of Dearborn*, No. 09-12136, 2010 WL 582773, at *6 (E.D. Mich. Feb. 18, 2010) ("[A]s a state employee sued in his official capacity, the suit is really against the State of Michigan and, therefore, Judge Hultgren is entitled to immunity from suit pursuant to the Eleventh Amendment and the doctrine of sovereign immunity."). Therefore, Plaintiff's official-capacity claims are properly dismissed.

### III. Immunity

Plaintiff does not state a viable claim against Defendants Ross and West. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the

judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that approving a search/arrest warrant and presiding over a preliminary examination in a criminal case were judicial acts and that Judge Ross was acting within her jurisdiction in doing so. Similarly, in presiding over the criminal matter in Kent County Circuit Court and denying Plaintiff's motion to represent himself, Judge West was clearly acting in a judicial capacity. Accordingly, Judges Ross and West are absolutely immune from liability. Because Judges Ross and West are immune from liability in this case, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii). Accordingly, Defendants Ross and West will be dismissed.

Similarly, Defendants Sheehan and Lachman are also immune from liability. As prosecutors, Defendants are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); accord *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Acts that occur in the course

of the prosecutor's role as advocate are entitled to the protection afforded by absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797. Here, Plaintiff's allegations against Defendants all focus on their roles as advocates for the State. Accordingly, Defendants Sheehan and Lachman are entitled to prosecutorial immunity from Plaintiff's claims against them in their personal capacities.

## IV. Abstention

According to the complaint, Plaintiff's lawsuit challenges search warrants and warrantless searches that relate to a pending criminal case. Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted

in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the searches and search warrants relate to a criminal case that is ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to the searches and search warrants. He can file a motion to suppress evidence obtained through the searches and seizures. Michigan courts routinely consider such motions. *See People v. Franklin*, 894 N.W.2d 561, 574 (Mich. 2017) (affirming trial court's decision to hold an evidentiary hearing to evaluate the validity of a search warrant affidavit, the result of which led to the suppression of evidence and the dismissal of charges against the defendant). Indeed, "'[a]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims.'" *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006) ). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. In spite of Plaintiff's belief that he is being unfairly and baselessly prosecuted, he does not allege facts supporting bad faith, harassment, a flagrantly unconstitutional statute, or an extraordinarily pressing need for federal relief. Thus, the *Younger* abstention doctrine applies here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review Defendants' actions in connection with the alleged warrantless searches and search warrants.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. However, where the only relief sought by the plaintiff is damages, the Court "must stay the case instead of exercising its discretion in deciding to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996) ); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

Here, Plaintiff seeks both damages and equitable relief. (ECF No. 6 at PageID.16.) Accordingly, the Court will stay rather than dismiss the claims against Defendants Wortz, Snyder, Weston, and Lange.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that all official-capacity claims and the claims against Defendants GRPD, Kent County, Ross, West, Sheehan and Lachman will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), because Plaintiff fails to state official-capacity claims against all Defendants and fails to state claims against Defendants GRPD and Kent County, and Defendants Ross, West, Sheehan, and Lachman are immune from suit. The claims against Defendants Wortz, Snyder, Weston, and Lange will be stayed.

An order consistent with this opinion will enter.

Dated: February 26, 2025                                 /s/ Paul L. Maloney  
                                                         Paul L. Maloney  
                                                         United States District Judge